IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

                                  Criminal No.: 6:16-cr-03070

CLAYTON DAVIS,

        Defendant.

## SENTENCING MEMORANDUM

### INTRODUCTION

COMES NOW the Defendant, Clayton Benjamin Davis, by and through his attorney, Will Worsham of the Worsham Law Firm, and undersigned counsel, and respectfully submits this sentencing memorandum in support of Defendant's position for sentencing. The Pre-sentence Investigation Report provided by the United States Probation Office states that the correct offense level for Clayton Davis is a level 17, a criminal history level of 0, thus qualifying Clayton Davis for a sentencing guideline range of 24 to 30 months. The Defendant, by and through counsel, implores this Court to evaluate all 18 U.S.C. §3553 factors in determining an adequate sentence.

### STATEMENT OF THE CASE

Defendant, Clayton Benjamin Davis was indicted on 2 counts in the United States District Court For The Western District of Missouri, Souther Division, on June 8, 2016. (PSR ¶ 1). He plead guilty to count 1, charging him with conspiracy to possess with intent to distribute, a mixture or substance containing a detectable amount of marijuana. (plea agreement pg. 1). Judge Rush recommended acceptance of the plea and ordered a pre-sentence investigation. Defendant was then continued on bond under the same conditions. As of the submission of this Memorandum and Suggestions in support, Defendant has complied with all Court ordered conditions of release and has not violated any conditions of his bond. The Defendant's plea was pursuant to a written agreement with the government attorney. As part of that agreement, the government has agreed that they will move to dismiss count two of the Indictment at the sentencing. On the 8th day of

September 2017, U.S. District Judge Roseann A. Ketchmark entered an Order of Acceptance of the Plea of Guilty and Adjudication of Guilt.

## STATEMENT OF FACTS

The offense for which this Court is sentencing Mr. Davis involves the conspiracy of Defendant along with others to possess with the intent to distribute a mixture or substance containing a detectable amount of marijuana. A traffic stop was conducted on the 25th day of September 2015 by the Kansas Highway Patrol. During that stop and pursuant to a K-9 sniff, a search was conducted of the vehicle. That search revealed that concealed in the passenger compartment of the vehicle and the trunk, there were large duffle bags containing thirty-eight packaged bags totaling approximately seventy-six pounds of marijuana, a scheduled I controlled substance. The driver of that vehicle was arrested and taken into custody by the Kansas Highway Patrol. The driver then, during a post Miranda interview stated that he was transporting the marijuana from Colorado to Missouri to the Defendant in this case, Mr. Davis. Agreeing to work with the government in a sting operation, the driver then arranged with Mr. Davis for the pickup and distribution of the marijuana. After sending text messages back and forth, **Mr. Davis along with another individual** were arrested. Mr. Davis then admitted post Miranda to his involvement in the transportation an distribution operation.

## CHARATERISTICS OF MR. DAVIS

Mr. Davis is 26 years old, born in Springfield, Missouri. He has lived in Springfield Missouri his entire life and continues to do so. Currently he lives with his Wife, Katie who works at Chase in Springfield, and they have no children. Mrs. Davis is currently pregnant, and they are expecting their first child on or about November 27, 2018. His parents are still married and live in Springfield Missouri also. His father is a pastor at Abundant Life Church in Springfield, Missouri and his mother is also employed at Abundant Life Church in Springfield, Missouri. Mr. Davis also has one brother who attends college in Springfield, Missouri at Ozark Technical Community College and works part time at Famous Dave's Restaurant. He also has a younger sister who works full-time at Abundant Life Kids Daycare and Preschool. Both his brother and sister live in Springfield, Missouri. The Defendant is in excellent physical health and there is no evidence to suggest that Defendant has any current or past mental health condition. Mr. Davis admitted that he first used marijuana at the age of 23 and was an occasional user. His use of marijuana ended in June of 2016 following his arrest. He has not

experimented with any other illicit substances. Mr. Davis graduated from Central High School in Springfield, Missouri in 2017 with a grade point average of 4.40 on a 4.0 scale. He then attended Ozarks Technical Community College in Springfield for a year but did not receive a degree. Mr. Davis is employed full-time at Youngblood Automotive Group in Springfield where he has been promoted into management as a finance manager of the company.

## THE UNITED STATES SENTENCING GUIDELINES

The Supreme Court issued its decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), almost four years ago. While issues remain regarding the role of the Sentencing Guidelines, it is clear that there is no presumption favoring the guidelines in the District Court. As stated in Rita v. United States,127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007), "the sentencing court does not enjoy the benefit of a legal presumption that the guideline sentence should apply." There is "no thumb on the scale in favor of a guideline sentence." United States v. Wachowiak, 496 F.3d 744, 749 (7th Cir. 2007). See also United States v. Glover, 431 F.3d 744, 752-753 (11th Cir.2005); United States v. Rita, 127 S.Ct. at 2474 (Stevens, J. concurring) ("I trust that those judges who have treated the guidelines as virtually mandatory during the post-Booker interregnum will now recognize that the guidelines are truly advisory.").
18 U.S.C. §3553 FACTORS
It is respectfully requested that this Court consider, along with the U.S. Sentencing Guidelines, the following factors and analysis and grant the defendant probation necessary to comply with 18 U.S.C. § 3553..

## 18 U.S.C. § 3553. IMPOSITION OF SENTENCE

a) Factors To Be Considered in Imposing a Sentence.— The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—(1) the nature and circumstances of the offense and the history and characteristics of the defendant;(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and

(ii) that, except as provided in section 3742 (g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994 (a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28);

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and

(B) that, except as provided in section 3742 (g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The Supreme Court has determined, that mandatory guidelines violate the Sixth Amendment of the United States Constitution, United States v Booker, 543 U.S. 220 (2005). trial courts are no longer required to impose a sentence "within the ranges" provided in the United States Sentencing Guidelines, Id. The recent United States Supreme Court decisions have given District Court Judges the ability to fashion a sentence that he or she feels is appropriate for each specific defendant.

18 U.S.C. §3553(a) mandates that the Court "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in the second paragraph of that same statute. Gall v. United States, 128 S.Ct. 586 (2007) A district court's job is not to impose a 'reasonable' sentence it should impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of section 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task." United States v. Foreman, 436 F.3d 638, 644 n.1 (6th Cir. 2006) In Rita v. United States, 127 S. Ct. 2456, 2463 (2007), the Court summarized the factors found in that second paragraph: the "(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution. See also United States v. Hunt, 459 F.3d 1180, 1182 (11th Cir. 2006).

Application of § 3553(a) to Mr. Davis' Case:

The Defendant puts forth the following as recommendations addressing the sentencing factors the Court is now at liberty, but certainly not required to consider. Upon his arrest, Mr. Davis cooperated with law enforcement authorities and continues to do so. He does not dispute the obvious, that this offense involves a significant amount of marijuana. He is not minimizing his conduct and understands that he must face the consequences of his actions. Mr. Davis has a criminal history level of 0 and has not been previously convicted of any crimes other than two speeding tickets. He has not been incarcerated and this will be the first time Mr. Davis will serve time. At the time of his arrest, he immediately accepted responsibility for his actions and never attempted to shift the blame on any other individuals. He does have a history of drug abuse albeit not for very long. Nevertheless, he has strong support from his family, who will assist him with the rehabilitation process once he is released from prison.

## DEPARTURES AND VARIANCES

1. The guideline sentence conflicts with § 3553(a)'s directive to impose a sentence "sufficient but not greater than necessary."

Prior to his arrest, the personal history of Mr. Davis (with the exception of the current charge) displayed a person of good character. He has a long history of work, a lack of criminal history, strong community support and he does not have a risk of recidivism. These factors may be used by this court when

determining the appropriate sentence as was announced by the 10th Circuit in *United States v. Munoz-Nava*, 524 F.3d 1137 (10th Cir. 2008). In *Munoz-Nava*, the Court upheld sentence of one year and one day as reasonable for defendant convicted of possession with intent to distribute 100 grams of heroin with guideline range of 46-57 months where district court determined guideline range was greater than necessary to meet goals of § 3553(a)(2) and focused on his personal history and characteristics, including long work record, community support, lack of criminal record, and caregiver and sole supporter of his young son and elderly parents, and low recidivism risk. Additionally, the 7th Circuit has determined that in some cases the use of USSG §2C1.1 rather than §2B1.1 may produce a greater punishment than is warranted. U.S. v. Osburn, 525 F.3d 543, 546-547 (7 Cir. 2008). Because of his history, the Court should grant Defendant a departure downward from the sentencing guidelines.

2. The guidelines do not fully implement the statutory objectives of sentencing

The guidelines in this case, do not fully implement the statutory objectives of sentencing in that many matters pertaining to Mr. Davis, such as his age, education, employment history family ties and public service are not necessarily considered under the statute. They are however matters that § 3553(a) authorizes the sentencing judge to consider. The Supreme Court determined that "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." Rita v. U.S., 127 S.Ct. 2456, 2473 (2007). The Court went on to direct that a sentencing Judge may take into consideration that the Guidelines sentence should not apply "because the guidelines sentence itself fails properly to reflect § 3553(a) considerations…" Id at 2465.

3. Cooperation in the absence of §5K1.1 motion

It can be argued that a defendant's cooperation reflects a reduced likelihood of recidivism and is a beneficial part of his history and character supporting a non-guideline sentence under § 3553(a)(2)(c), even in the absence of a government filed §5K motion. U.S. v. Fernandez, 443 F.2d 19 (2d Cir. 2006) where "the history and characteristics of the defendant" may be considered by the Judge. And the Judge should consider that a defendant made efforts to cooperate, even if those efforts did not yield a government motion for a departure, Id. Here in the present case, Mr. Davis was forthcoming with assistance to the Government. Even though there was not an agreement for the government to file a §5K1.1 motion it may still be taken under consideration by the Sentencing Court and Defendant asks the Court to consider his cooperation in this case.

4. A longer sentence would impair the Defendant's rehabilitation

Since his arrest, Defendant has attended and completed treatment programs. He continues to attend programs and he continues to work in the community. Mr. Davis also has complied with all conditions of his release. A longer sentence in this case would afford him the opportunity to seek treatment while in prison, BUT it would be of a limited nature and would put Defendant back at the starting point of treatment. Probation in this case would allow Defendant to maintain the treatment plan he is currently attending and would allow Defendant to continue to work. All of this goes to the Defendant's post-offense contributions to society and it would be counter-effective for Defendant to be imprisoned in this case. Prison would have a negative effect on the rehabilitation of the Defendant. See Gall v. U.S. 128 S. Ct. 586, 593 (2007). In Gall, the court also ruled that post-offense, post-conviction, and post sentencing rehabilitation should be recognized as an appropriate mitigating circumstance, Id at 599. Also, the 10th Circuit upheld a downward departure to probation where 11 factors were considered regarding defendant's adherence to conditions of his release and the change of attitude and conduct during his release, U.S. v. Jones, 158 F.3d 492 (10th Cir. 1998).

5. Sentences of co-defendants
   a. Defendant 2 – Gary Floyd was sentenced to the Bureau of Prisons for a term of 24 months; followed by supervised release of 3 years, w/ mandatory, standard, and special conditions imposed. Fine was waived. MSA of $100.00 imposed. There was no restitution.
   b. Defendant 3 – Taylor Roten was sentenced to probation for a term of five years on Count I. Mandatory, Standard, and Special conditions of release were imposed. MSA $100.00 with on fine or restitution imposed.
   c. Defendant 4 – Austin Eutsler remans unresolved
   d. Defendant 5 – Richard Dolney was sentenced to the Bureau of Prisons for a term of 12 months on count one of the indictment. Supervised release of 3 years w/mandatory standard, and special conditions imposed. Fine was waived. MSA of $100.00 imposed. There was no restitution.

**Conclusion**

Even when the Sentencing Guidelines were mandatory, sentencing courts were to treat all defendants before them as individuals. In Koon v. United States, 518 U.S. 81, 113 (1996), the Supreme Court held "It has been uniform and constant in the

federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." The decision in Booker and the mandate of the statute to impose a sentence that is "sufficient, but not greater than necessary," has given sentencing courts greater latitude to impose a sentence that fits the crime and the individual before the court. Based on the foregoing, the Defendant respectfully requests that this Honorable Court exercise its judgment to sentence Clayton Benjamin Davis to a period of probation sufficient, but not greater than necessary to reach the ends of justice.

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties so entitled to such notice.

                                           */s/ William O. Worsham*
                                       William O. Worsham-Attorney for Defendant